UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------------------------------------  x
YUDITH REYNOSO-HICIANO,                                       :
                                                              :
                              Petitioner,                     :    ORDER DENYING IN
                                                              :    PART AND DISMISSING
         -against-                                            :    IN PART PETITION FOR
                                                              :    WRIT OF HABEAS
WARDEN,                                                       :    CORPUS AND MOTION
                                                              :    FOR FIRST STEP ACT
                              Respondent.                     :    OF 2018
------------------------------------------------------------  x
                                                                   3:24-CV-01733 (VDO)
```

**VERNON D. OLIVER**, United States District Judge:

Petitioner, a sentenced inmate in federal custody at the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury"), filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 and a Motion for First Step Act of 2018 and/or FSA Credits to be Applied ("Motion").[1] Petitioner requests that this Court order the Bureau of Prisons ("BOP") to award her time credits under the First Step Act ("FSA") to reduce the remainder of her federal sentence.[2] Respondent argues that Petitioner is ineligible for time credits under the FSA because she was convicted of an offense enumerated in 18 U.S.C. § 3632(d)(4)(D).[3] In Petitioner's Reply, she claims that the BOP violated her Equal Protection rights by deeming other inmates eligible for FSA time credits.[4] Upon reviewing the Petitioner's pleadings and

---

[1] Pet., ECF No. 1; Mot., ECF No. 3.

[2] *See* Pet., ECF No. 1 at 7; Mot., ECF No. 3; Reply, ECF No. 14.

[3] *See* Resp., ECF No. 13 at 4.

[4] *See* Reply, ECF No. 14.

Respondent's response, the Court **DISMISSES** in part and **DENIES** in part the Petition and Motion for the reasons that follow.

I.     **BACKGROUND**

On April 29, 2022, the district court in the Southern District of New York remanded Petitioner to the custody of the United States Marshal, after she was sentenced to a 72-month term of imprisonment to be followed by a five-year term of supervised release for Kidnapping Conspiracy under 18 U.S.C. § 1201(c) and Kidnapping under 18 U.S.C. § 1201 (a)(1), (d) and 2.[5] Her anticipated release date is August 17, 2026.[6]

On October 30, 2024, Petitioner filed her § 2241 Petition and Motion requesting that the Court order the BOP to apply time credits under the FSA to reduce the remaining term of her federal sentence.[7] In Petitioner's Motion, she avers that she is a minimum security risk inmate, has served approximately sixty-four percent of her sentence, and she filed this motion due to errors in her Judgment that precludes her from receiving her credits of the FSA."[8] Specifically, she claims that at the end of her jury trial, "[t]he trial presiding judge and the jurors were handed an indictment which contradicts the counts . . . [she] was convicted of."[9] Petitioner also claims she "filed this motion because of her extraordinary and compelling

---

[5] *See* Pet., ECF No. 1 at 1; *see also*, ECF No. 13 at 1 (citing Ex. 1 at 8-10, Judgment, *United States v. Reynoso-Hiciano, et al.*, 20-CR-00388-04 (DLC) (S.D.N.Y. May 3, 2022), CR-ECF No. 254)).

[6] The Court may take judicial notice of the BOP's inmate locator website. *See United States v. Rivera*, 466 F. Supp. 3d 310, 313 (D. Conn. 2020). The BOP Inmate Locator shows Petitioner's release date as August 17, 2026. *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last visited July 28, 2025); *see also* Resp., ECF No. 13 at 1.

[7] *See* Pet., ECF No. 1 at 6.

[8] Mot., ECF No. 3 at 1.

[9] *Id*. at 3.

reasons" and that "[i]t is now more than ever that [she] needs to fight for her FSA time credits due to the need to get home sooner to her family due to every single member having medical issues. . . ."[10]

Respondent argues that Petitioner is ineligible for FSA time credit because the "FSA expressly prohibits a prisoner convicted of kidnapping from applying FSA time credit to their sentence."[11] Petitioner has filed a "Response to Order Show Cause" ("Reply"), and for the first time, is now claiming that "[a] review reveals other with similar crimes, crimes involving violence[,] have been determined by BOP or the courts to be eligible for [FSA]" and there are "at least four more cases [where] FSA credits [were granted] to other inmates that were ineligible."[12] Petitioner also acknowledges that she "is aware that this [C]ourt lacks jurisdiction of the way her trial was conducted and the way the judgment was written as to the counts and the title and section."[13] Lastly, Petitioner now claims, for the first time, that her equal protection rights were violated under 18 U.S.C. § 1983 because the other inmates in the cases she references "were awarded FSA credits and made eligible[,]" and therefore, the BOP is discriminating against her by not awarding her FSA credits to reduce her sentence.[14],[15]

---

[10] *Id.*

[11] Resp., ECF No. 13 at 4 (citing 18 U.S.C. § 3632(d)(4)(D)(xxvi)).

[12] Reply, ECF No. 14 at 1.

[13] *Id*. at 3.

[14] Reply, ECF No. 14 at 3-4.

[15] To the extent Petitioner attempts to raise an additional Equal Protection claim in her reply brief, *see* ECF No. 14, "[a] party cannot raise an issue for the first time in a reply brief." *Wang v. Omni Hotels Mgmt. Corp.*, 607 F. Supp. 3d 219, 229–30 (D. Conn. 2022) (collecting cases). While Petitioner has forfeited this claim, the Court will nonetheless consider the claims raised in Petitioner's Reply because Respondent has not filed a response alleging nonexhaustion of the Equal Protection claim. *See Johnson v. Testman*, 380 F.3d 691, 695 (2d Cir. 2004) (holding that failure to exhaust is an affirmative defense that can be waived if defendants fail to raise it).

## II.   LEGAL STANDARD

A federal prisoner may petition for habeas relief if she is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). "A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of [her] sentence, but challenges instead its execution subsequent to his conviction." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (alteration added). Thus, habeas petitioners may seek relief under § 2241 "to challenge 'such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, [or] type of detention and prison conditions.'" *McPherson v. Lamont*, 457 F. Supp. 3d 67, 74 (D. Conn. 2020) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)), and collecting other Second Circuit cases). The petitioner "bears the burden of proving that [she] is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy [her] burden of proof by a preponderance of the evidence." *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) (alteration added).

## III.   DISCUSSION

### A.   Request for a Sentence Modification or Reduction or Compassionate Release

As an initial matter, to the extent Petitioner is requesting a sentence reduction or compassionate release under 18 U.S.C. § 3582(c),[16] she must make these requests with the sentencing court that imposed her sentence. *See United States v. Avery*, 807 F. App'x 74, 77 (2d Cir. 2020); *see also United States v. De Jesus Sierra*, No. 10-CR-416, 2021 WL 354954,

---

[16] *See* Mot., ECF No. 3 at 3-4.

at *3 (S.D.N.Y. Feb. 2, 2021) (explaining that "Congress amended 18 U.S.C. § 3582(c)(1)(A)(i) to provide the sentencing judge jurisdiction to consider a defense motion for Reduction in Sentence (RIS or 'Compassionate Release')"). Petitioner was sentenced in the United States District Court for the Southern District of New York.[17] Accordingly, to the extent Petitioner requests that this Court afford her a sentence reduction or compassionate release, this Court lacks jurisdiction to consider her request.

### B. Petitioner's Collateral Attack on her Conviction and Sentence

Although Petitioner acknowledges in her Reply that she "is aware that this [C]ourt lacks jurisdiction of the way her trial was conducted and the way the judgment was written as to the counts and the title and section,"[18] in her Petition, she states that she "filed this motion due to errors in her Judgment that precludes [her] from receiving her credits of [the FSA]."[19] Therefore, to the extent Petitioner challenges the imposition of her conviction and sentence, this Court lacks jurisdiction. *See Cogdell v. Warden, Danbury-FCI*, No. 23-CV-00387, 2025 WL 401148, at *2 (D. Conn. Jan. 30, 2025).

As discussed above, "a prisoner may seek relief under § 2241 if [she] seeks to challenge the execution of her sentence, *i.e.,* the manner in which it is being calculated or carried out at a prison facility." *Id*. (alteration added). If, however, the prisoner seeks to challenge the validity of her conviction or sentence, the prisoner must instead file a motion for post-conviction relief under 28 U.S.C. § 2255. *See Dhinsa v. Krueger*, 917 F.3d 70, 80-81 (2d Cir.

---

[17] *See* Resp., ECF No. 13 at 1 (citing Ex. 1 at 8-10, Judgment, *United States v. Reynoso-Hiciano, et al.*, 20-CR-00388-04 (DLC) (S.D.N.Y. May 3, 2022), CR-ECF No. 254)).

[18] Reply, ECF No. 14 at 3.

[19] Mot., ECF No. 3 at 1.

2019); *Levine v. Apker*, 455 F.3d 71, 77-78 (2d Cir. 2006). A motion under § 2255 must be brought in the sentencing court, "a court already familiar with the facts of the case." *Boumediene v. Bush*, 553 U.S. 723, 775 (2008); *see also Codgell*, 2025 WL 401148, at *2. "In fact, [a] district court does not have subject matter jurisdiction over issues concerning the imposition of a sentence by another district court unless it ... appears that the remedy by motion [to the sentencing court] is inadequate or ineffective to test the legality of [an inmate's] ... detention." *Williams v. United States*, No. 21-CV-1028, 2021 WL 3421568, at *2 (D. Conn. Aug. 5, 2021) (alteration in original) (internal quotations and citations omitted).[20]

Petitioner's claims pertaining to errors in her criminal judgment[21] are properly brought under § 2255, as opposed to § 2241. Accordingly, to the extent Petitioner brings any claims to collaterally attack her sentence, those claims are reserved for the sentencing court, and accordingly, are dismissed for lack of jurisdiction.

---

[20] "A federal prisoner may [only] challenge the validity of his conviction under [the saving clause of] § 2241 if he establishes that § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Franklin v. Hudson*, 579 F. App'x 50, 51 (2d Cir. 2014) (quoting 28 U.S.C. § 2255(e)). Specifically, the savings clause is solely reserved for "[a] petitioner who seeks to establish habeas jurisdiction and can make a threshold showing, based on the existing record, that he is innocent of his crime of conviction under a legal theory that was not previously available to him." *Dhinsa*, 917 F.3d at 80. When it comes to challenges to a conviction or sentence, § 2241 relief is preserved for "unusual circumstances [that] make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Jones v. Hendrix*, 599 U.S. 465, 478 (2023). Here, it is clear from the face of the pleadings that Petitioner is not claiming that she is innocent of her crime of conviction under a legal theory that was not previously available to her, nor is there any indication that Petitioner cannot seek relief in the sentencing court for claims pertaining to the validity of her conviction or sentence. In fact, a review of Petitioner's criminal case shows that she has already filed a pending § 2255 Motion. *See* Mot. to Vacate, *United States v. Reynoso-Hiciano, et al.*, No. 20-CR-00388-04 (DLC) (S.D.N.Y. June 20, 2025), CR-ECF No. 304. Therefore, the savings clause does not apply.

[21] *See* Mot., ECF No. 3 at 1.

## C. Petitioner is Ineligible for Time Credits under the FSA

Petitioner also requests that this Court order the BOP to award her time credits under the FSA,[22] even though she is serving a sentence for a conviction that makes her ineligible for FSA credits.[23] *See* 18 U.S.C. § 3632(d)(4)(D). The First Step Act was enacted to "encourage[] individuals incarcerated in federal facilities to participate in evidence-based recidivism reduction [("EBRR")] programming and other productive activities [("PA")] by rewarding successful participants with time credits towards early release to prerelease custody or supervised release. *Dailey v. Pullen*, No. 22-CV-1121, 2023 WL 3456696, at *2 (D. Conn. May 15, 2023). An inmate classified as minimum or low risk of recidivism earns either ten or fifteen days of FSA time credits for every thirty days of successful participation in EBRRs or PAs. 18 U.S.C. § 3632(d)(4)(A). Application of these credits enables an inmate to transfer to prerelease custody (on home confinement or to a residential reentry center ("RRC")), or to discharge to her term of supervised release, prior to the completion date of her sentence. *See* 18 U.S.C. §§ 3624(g)(2) and (3); 18 U.S.C. § 3632(d)(4)(C); *see also Saleen v. Pullen*, No. 23-CV-147, 2023 WL 3603423, at *1 (D. Conn. Apr. 12, 2023).

The FSA includes a list of 68 statutes, the violation of which renders an inmate ineligible for FSA time credits. *See* 18 U.S.C. § 3632(d)(4)(D). Relevant to this action, 18 U.S.C. § 3632(d)(4)(D) provides: "Ineligible prisoners. – A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under

---

[22] Pet., ECF No. 1 at 6.

[23] *See* Resp., ECF No. 13 at 1.

7

any of the following provisions of law: (xxvi) Any section of chapter 55, relating to kidnapping."

Here, the judgment in Petitioner's underlying criminal case shows that she was sentenced for Kidnapping Conspiracy under 18 U.S.C. § 1201(c) and Kidnapping under 18 U.S.C. § 1201(a)(1).[24] Title 18 of the U.S. Code outlines "Crimes and Criminal Procedure[,]" and "Chapter 55 of the U.S. Criminal Code records the criminal prohibition against kidnapping, and it includes the two subsections under which Petitioner was convicted: 18. U.S.C. §§ 1201(a) and (c)."[25] As Respondent points out,[26] the Second Circuit has confirmed that "[a] prisoner is not eligible to earn time credits if he 'is serving a sentence for a conviction' of certain enumerated offenses. . . ." *Giovinco v. Pullen*, 118 F.4th 527, 529 (2d Cir. 2024) (quoting 18 U.S.C. § 3632(d)(4)(D)), *cert. denied sub nom. Giovinco v. Flowers*, 145 S. Ct. 1947 (2025).

Moreover, courts in this district and within the Second Circuit have routinely confirmed that a petitioner serving a sentence for a statutorily enumerated disqualifying offense under § 3632(d)(4)(D) is excluded from receiving FSA time credits. *See, e.g.*, *Cowette v. Puzio*, No. 24-CV-1656, 2025 WL 969529, at *4 (D. Conn. Mar. 30, 2025) (finding petitioner was ineligible for FSA credits because she was serving a sentence for a disqualifying offense under 18 U.S.C. § 3632(d)(4)(D)(lxvi)); *Samoiloff v. Stover*, 733 F. Supp. 3d 68, 72 (D. Conn. 2024) (denying petition for habeas relief on grounds that petitioner was statutorily disqualified from

---

[24] *See* Resp., ECF No. 13 at 1 (citing Ex. 1 at 8-10, Judgment, *United States v. Reynoso-Hiciano, et al.*, 20-CR-00388-04 (DLC) (S.D.N.Y. May 3, 2022), CR-ECF No. 254)).

[25] Resp., ECF No. 13 at 4 n.2.

[26] *Id*. at 4.

FSA eligibility pursuant to 18 U.S.C. § 3632(d)(4)(D)(lxvii)); *Ferebe v. Jamison*, No. 24-CV-5931, 2025 WL 1632087, at *2 n.2 (S.D.N.Y. May 5, 2025); *United States v. Monsalvatge*, No. 12-CR-586-02, 2025 WL 307137, at *8 (E.D.N.Y. Jan. 27, 2025). Likewise, district courts outside of the Second Circuit have confirmed that a petitioner serving a sentence for either kidnapping or conspiracy to commit kidnapping is ineligible for FSA credits under 18 U.S.C. § 3632(d)(4)(D)(xxvi). *See, e.g.*, *Sanchez v. Warden, FCI Fort Dix*, No. 23-CV-02889, 2025 WL 1393204, at *2 (D.N.J. May 13, 2025); *Calderon v. Birkholz*, No. 2:24-CV-06813, 2024 WL 5286198, at *2 (C.D. Cal. Dec. 17, 2024); *Hatfield v. Martinez*, No. 23-cv-00531, 2023 WL 7118794, at *1 (W.D. La. Oct. 4, 2023) *adopted by* 2023 WL 7118064 (W.D. La. Oct. 27, 2023). The FSA unambiguously prohibits a prisoner convicted of kidnapping from receiving FSA time credit, and therefore, Petitioner is ineligible to receive time credits under the FSA.

### D. Petitioner's Equal Protection Argument

Although only asserted for the first time in her Reply, in arguing for her eligibility, Petitioner relies on other cases pertaining to the FSA to make an equal protection argument.[27] In essence, Petitioner claims that the BOP is discriminating against her because her "crime did not result in serious bodily injury or death [and she] was not a leader or organizer . . . and the BOP has awarded FSA time credits to others with the same offense code of 18 U.S.C. [§] 3632(d)(4)(D)."[28] While Petitioner titled her claim as "Equal Protection Rights 18 USC 1983[,]"[29] her claim is properly construed as a Fifth Amendment claim. *See Skelly v. I.N.S.*, 168 F.3d 88, 91 (2d Cir. 1999) ("[T]here is a well-established equal protection component to

---

[27] *See* Reply, ECF No. 14.

[28] *Id*. at 3-4.

[29] *Id*. at 3.

the Fifth Amendment Due Process Clause applicable to the federal government."); *Cheng v. United States*, 725 F. Supp. 3d 432, 438 n. 3 (S.D.N.Y. 2024), *cert. denied before judgment*, 145 S. Ct. 1221 (2025), and *aff'd*, 132 F.4th 655 (2d Cir. 2025) (citation omitted) ("The Supreme Court has incorporated the Fourteenth Amendment's Equal Protection Clause into the Fifth Amendment.").

The dictates of the Equal Protection clause are essentially "that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). The highest level of constitutional scrutiny is applied to "those laws that burden a fundamental right or target a suspect class, such as those based on race, national origin, sex or religion." *Pedersen v. Off. of Pers. Mgmt.*, 881 F. Supp. 2d 294, 309 (D. Conn. 2012) (citation omitted). On the other hand, if the law does not implicate a fundamental right or targets a suspect class, the law will survive constitutional scrutiny so long as the law "bears a rational relation to some legitimate end." *Romer v. Evans*, 517 U.S. 620, 631 (1996). "In general, prisoners are not a suspect class under the Equal Protection Clause . . . ." *Reyes v. Jamison*, No. 23-CV-5241, 2024 WL 6046838, at *6 (S.D.N.Y. Mar. 29, 2024).

Even though the FSA does not differentiate based on a constitutionally protected class, a petitioner may still pursue an Equal Protection claim on either a selective enforcement or class of one theory. *Musco Propane, LLP v. Town of Wolcott*, 891 F. Supp. 2d 261, 271 (D. Conn. 2012). "A class-of-one claim exists 'where the [petitioner] alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Analytical Diagnostic Labs, Inc. v. Kusel,* 626 F.3d 135, 140 (2d Cir. 2010) (alteration added) (citation omitted). "Class-of-one plaintiffs must show an extremely high degree of similarity between themselves and the persons to whom they

compare themselves." *Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) (citation omitted). Similarly, to state a claim for selective enforcement, a plaintiff must prove that "(1) the plaintiff, compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Diesel v. Town of Lewisboro,* 232 F.3d 92, 103 (2d Cir. 2000) (quoting *LeClair v. Saunders,* 627 F.2d 606, 609–10 (2d Cir. 1980)). Here, Petitioner does not specify under which theory she brings her equal protection claim. Nevertheless, under either theory, her claim is without merit.

Notably, Petitioner fails to show that she was treated differently from any similarly situated individual. In fact, the cases Petitioner references in her Reply only underscore her ineligibility to earn FSA credits in light of her conviction for Kidnapping Conspiracy under 18 U.S.C. § 1201(c) and Kidnapping under 18 U.S.C. § 1201(a)(1). *See Samoiloff*, 733 F. Supp. 3d at 72 (finding cases relied on by petitioner to support her claim for eligibility under FSA "only serve[d] to underscore her ineligibility to earn FSA credits"). In *Lallave v. Martinez*, 635 F. Supp. 3d 173, 178 (E.D.N.Y. 2022),[30] the petitioner had "pleaded guilty to (1) participating in a conspiracy to distribute substances containing a detectable amount of fentanyl and (2) participating in a conspiracy to distribute and possess with intent to distribute substances containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846." Petitioner had not been "convicted of the 'death or serious bodily injury' penalty enhancement

---

[30] In Petitioner's Reply, she references the criminal case docket numbers, 22-CV-791 (NGG) (RLM), 22-CV-4136 (NGG). *See* Reply, ECF No. 14 at 1.

in 21 U.S.C. § 841(b)(1)(C) since she was sentenced below the mandatory minimum of twenty years[,] and she was only convicted of conspiracy under 21 U.S.C. § 846, not of the substantive drug offense under 21 U.S.C. § 841(b)(1)(C)." *Id.* at 187. The court found Petitioner was eligible for FSA credits because the FSA statutory language was ambiguous as to whether § 3632(d)(4)(D)(lviii) applied to § 846 convictions for conspiracy and whether an inmate must be charged with the "death or serious bodily injury" penalty enhancement in § 841(b)(1)(C) to be ineligible for FSA credits. *Id.* at 186. The court, "after applying the traditional canons of statutory construction to interpret the ambiguity in the text, [found] that the eligibility provision [was] intended to apply specifically to individuals who were convicted of the penalty enhancement contained in 21 U.S.C. § 841(b)(1)(C)." *Id.* at 190.

Similarly, in *Orndorff v. Pullen* and *Collins v. Stover*, the Court dismissed the petitioners' habeas petitions as moot because the BOP designated Orndorff as eligible to earn FSA credits and Collins had been released from BOP custody.[31] In *Orndorff* and *Collins*, both petitioners had pleaded guilty to drug distribution charges, but did not plead guilty to the "death or serious bodily injury" penalty enhancement.[32] The cases that Petitioner references are inapposite to her circumstances because those inmates were not convicted of an offense clearly enumerated in § 3632(d)(4)(D).[33] Here, Petitioner was convicted of Kidnapping Conspiracy

---

[31] *See* Order, *Orndorff v. Pullen*, No. 22-cv-01637-VAB (D. Conn. Apr. 19, 2023), ECF No. 12; *see also* Order, *Collins v. Stover*, No. 24-cv-00282-VAB (D. Conn. May 3, 2024), ECF No. 12.

[32] *See* Resp., *Orndorff*, No. 22-cv-01637-VAB (D. Conn. Apr. 5, 2023), ECF No. 8; *see also* Resp., *Collins*, No. 24-cv-00282-VAB (D. Conn. Apr. 30, 2024), ECF No. 11.

[33] Petitioner also mentions the name, "Tammy Wilder," without providing a case number. Nevertheless, the Court has conducted a search on the PACER case locator website and the only criminal case found for Tammy Wilder is criminal case, *USA v. Hoisington, et al.*, No. 15-cr-00174-cr-3, in the District of Vermont. The most recent docket entry is an "Order Appointing Federal Public Defender as to Tammy L. Wilder for the limited purpose of pursing relief in light

under 18 U.S.C. § 1201(c) and Kidnapping under 18 U.S.C. § 1201(a)(1). Chapter 55, relating to kidnapping is a disqualifying offense under § 3632(d)(4)(D).

Moreover, Petitioner has not shown that the inclusion of certain offenses precluding FSA eligibility, specifically offenses under Chapter 55, relating to kidnapping, lacks a rational basis. *See Cheng v. United States*, 132 F.4th 655, 658 (2d Cir. 2025) (finding district court correctly applied rational basis review to prisoner's claim and prisoner's equal protection claim failed because the FSA's exclusion of noncitizens with a final order of removal survived rational basis review.). In fact, "[d]istrict courts have similarly held that the exclusion of certain offenses from the FSA does not violate the Equal Protection Clause." *Cheng*, 725 F. Supp. 3d at 439 n.4; *see also Sedlacek v. Rardin*, No. 24-1254, 2025 WL 948485, at *2 (6th Cir. Jan. 21, 2025) ([T]he exclusion of prisoners with certain convictions from earning time credits does not violate the Equal Protection Clause."); *Khan v. Knight*, No. 23-cv-3068, 2025 WL 1554067, at *5 (D.N.J. June 2, 2025) ("Since the enactment of the FSA, several courts have repeatedly concluded that Congress' decision to exclude certain crimes from receiving FSA credits 'easily clears the low bar of rational basis review.'"); *Odeh v. Warden, FCC Coleman-USP I*, No. 23-CV-590, 2025 WL 1029404, at *3 (M.D. Fla. Apr. 7, 2025) ("[T]he FSA's exclusion of certain offenses from consideration for time credits does not violate the Equal Protection Clause."); *Hassan v. Gutierrez*, No. CV-23-00510, 2024 WL 4723621, at *2 (D. Ariz. Aug. 7, 2024), *adopted by* 2024 WL 4449278 (D. Ariz. Oct. 9, 2024) ("This Court agrees with the findings of many other courts that there is a clear rational basis for excluding

---

of USSG Amendment 821 and 18:3582(c)(2)." A review of this case shows no relevance to Petitioner's arguments.

inmates convicted of certain crimes from earning time credits."); *United States v. Powell*, No. 11-CR-205, 2023 WL 5489030, at *5 (E.D. Va. Aug. 24, 2023) ([T]here is a clear rational basis for treating persons who have been convicted of the excluded offenses differently than persons who have been convicted of other offenses.").

This Court agrees with the findings of many other courts – that there is a rational basis for excluding persons convicted of certain offenses from being eligible for time credits under the FSA, namely, that the list of offenses under § 3632(d)(4)(D) are some of the most serious in nature and there is a legitimate government interest in the need to protect society and deter criminal future conduct. Accordingly, Petitioner's Equal Protection claim is denied.

## IV.    CONCLUSION

For the foregoing reasons, the Petition for writ of habeas corpus [ECF No. 1] and the Motion [ECF No. 3] are: (a) **DISMISSED** to the extent Petitioner seeks modification of her sentence or compassionate release or to collaterally attack her sentence; and (b) **DENIED** in all other respects.

The Clerk of the Court is respectfully requested to close this action. Any appeal from this order would not be taken in good faith. Thus, a certificate of appealability will not issue.

**SO ORDERED.**

Hartford, Connecticut
July 28, 2025

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge